IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lisa L. Brewer, Plaintiff | ) |
| v. | ) |
| PC Connection, Inc., d/b/a | ) |
| Connection, a corporation; | ) |
| Garry Hickerson, individually; | ) |
| Jeff Hiromura, individually; | ) |
| Ed Tucker, individually; | ) |
| Craig Lance, individually; and | ) |
| Rick Giligan, individually; | ) |
| Defendants | ) |

## COMPLAINT

Plaintiff Lisa L. Brewer, by and through her attorney Ellen A. Yearwood of Yearwood

and Associates, Ltd, in support of her Complaint, states:

### PARTIES

1. Plaintiff is an individual with her principal place of residence in Elk Grove Village,

Cook County, Illinois.

2. Defendant PC Connection, Inc., doing business as Connection, is incorporated in

Delaware. The location at which all the events were based relevant to this Complaint is

Schaumburg, Cook County, Illinois. Defendant has numerous employees in Schaumburg and

does business there, for purposes of jurisdiction and venue in this matter.

3. All the individual defendants are management employees of Defendant PC Connection,

Inc., [hereinafter "Connection"] based in Schaumburg, Illinois.

### JURISDICTION AND VENUE

4. This action is brought pursuant to Title VII of the Civil Rights Act of 1964; 42 U.S.C.

1

Sec. 1981, as amended by 42 U.S.C. Sec. 2000e, *et seq.*; the Age Discrimination in Employment Act of 1967, 29 U.S.C. Sections 621-634 *et seq*,; the Civil Rights Attorney's fees Awards Act of 1976, 42 U.S.C. Sec. 1988; and the Fair Labor Standards Act of 1938, 29 U.S.C. Sec. 216(b) and Sec. 626(b).

5. This action is further brought pursuant to the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

6. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1331 and 1343 as it is a civil rights action arising under the laws of the United States.

7. This Court has pendant jurisdiction over the additional claims in this matter pursuant to Federal Rule of Civil Procedure Rule 18(a) which allows joinder of as many claims as a party has against an opposing party.

8. Venue is proper under 28 U.S.C. Sec. 1391(b) as all the events giving rise to this cause of action occurred in this district.

## FACTS

9. Plaintiff Lisa Brewer was hired as an inside sales account manager working out of the Schaumburg, Illinois, office of Defendant Connection starting July 11, 2016.

10. During Brewer's employment at Connection:

(A) She was denied access to eligible key accounts, both prospected accounts and others, and as a result, was denied the opportunity to earn valuable commissions.

(B) She was denied her bonus as the November 2016 Contest Winner by manager Jeff Hiromura.

(C) She was denied buying accounts and leads from her manager compared to

2

others with the same title and job responsibilities as she.

(D) She was denied her earned overtime pay by managers Jeff Hiromura and Garry Hickerson.

(E) She was denied offsite meetings with management which were granted to others.

(F) She was denied her sales and commission on the Hamlin purchase order in May 2017 by managers Garry Hickerson and jeff Hiromura.

(G) She was denied a promotion, once in March /April and again in June 2017, by managers Hickerson and Hiromura.

(H) She was denied help and resources and information by managers Hickerson and Tucker on numerous dates, specifically:

(1) Hickerson avoided helping her while helping others,

(2) Hickerson and Hiromura refused her the ability to self-approve quotes, a time saving function given to others,

(3) Her accounts to be deleted were not deleted at all or not timely deleted compared to others,

(4) Her manager regularly led customer calls to support others but only once with Brewer, and then only after she complained to HR in May, 2017,

(5) She was never officially informed of the site wide mentoring program which was held without her by manager Hiromura,

(6) She was never informed nor invited to exclusive vendor lunches controlled by manager Hickerson,

(7) She was never promoted nor even teamed, and

(8) Management allowed or encouraged employee Jared Pexa to underperform or sabotage her high value storage opportunities with R&R Bindery and North East Community Action without any action taken against Pexa, but Brewer was downrated as a result.

(G) She was more strictly held to attendance policies while others flagrantly abused them without action taken.

(H) She was more strictly held to call metric policies, in some cases counterproductive to sale success, compared to others.

(I) She was rated low on performance reviews, starting in training and continuing, compared to others who performed similarly.

(J) She was put on an escalated level 3 performance improvement plan based on a false ethics violation in retaliation for complaining to Human Resources department.

(K) Her co-workers were credited and praised for sales to friends and family even though sales to friends and family were against company policy per the July 2016 new hire email.

(L) She was reprimanded and harassed by management on multiple dates.

11. Brewer complained of disparate treatement to Connection's HR department in May, 2017.

12. After she complained, she was retaliated against in that:

(A) She was required to do daily redundant documentation on the Hiromura Call Plan of Nov. 2016, which was not required of others.

(B) Her sales successes were under-reported or circulated with errors repeatedly.

(C) Rick Giligan implemented a new higher call metrics requirement effective

4

July 3, 2017, that was not enforced against others.

(D) On July 27, 2017, Brewer was suspended from her job, humiliated in front of her co-workers, and management confiscated her personal USB drive. They also sent her work computer to headquarters in NH for data analysis, when they had never done that before.

(E) On July 28, 2017, Brewer was terminated.

13. EEOC issued a Dismissal and Notice of Rights to Brewer dated March 29, 2019, copy attached as Exhibit A, on Charge 440-2017-05625, which alleged Title VII discrimination bases race, sex, retaliation, and age. See copy of Charge attached as Exhibit B.

## COUNT I - RACE DISCRIMINATION, SEC. 1981, AGAINST CONNECTION

14. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

15. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income,, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions,

5

and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.


## COUNT II - RACE DISCRIMINATION, SEC. 1981, AGAINST HICKERSON

16. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Garry Hickerson, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

17. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income,, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Hickerson.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Hickerson:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT III - RACE DISCRIMINATION, SEC. 1981, AGAINST HIROMURA

18. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Jeff Hiromura, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

19. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income,, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Hiromura.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Hiromura:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT IV - VI - RACE DISCRIMINATION, SEC. 1981, AGAINST TUCKER

20. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Ed Tucker,

downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

21. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income,, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Tucker.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Tucker:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT V - RACE DISCRIMINATION, SEC. 1981, AGAINST LANCE

22. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Craig Lance, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

23. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income,, benefits, and opportunity for advancement, and has been

8

unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Lance.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Lance:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.


## COUNT VI - RACE DISCRIMINATION, SEC. 1981, AGAINST GILIGAN

24. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Rick Giligan, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

25. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income,, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Sec. 1981 committed by Giligan.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Giligan:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT VII - AGE DISCRIMINATION, ADEA, AGAINST CONNECTION

26. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

27. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT VIII - AGE DISCRIMINATION, ADEA, AGAINST HICKERSON

28. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Garry Hickerson, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

29. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by Hickerson.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Hickerson:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT IX - AGE DISCRIMINATION, ADEA, AGAINST HIROMURA

30. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Jeff Hiromura, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

31. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by Hiromura.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Hiromura:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT X - AGE DISCRIMINATION, ADEA, AGAINST TUCKER

32. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Ed Tucker,

downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

33. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by Tucker.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Tucker:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.


## COUNT XI - AGE DISCRIMINATION, ADEA, AGAINST LANCE

32. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Craig Lance, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

33. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act committed by Lance.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Lance:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT XII - AGE DISCRIMINATION, ADEA, AGAINST GILIGAN

34. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her manager Rick Giligan, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

35. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age

Discrimination in Employment Act committed by Giligan.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Giligan:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT XIII - RACE DISCRIMINATION, TITLE VII, AGAINST CONNECTION

36. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

37. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Title VII committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT XIV - SEX DISCRIMINATION, TITLE VII, AGAINST CONNECTION

38. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her sex, female.

39. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Title VII committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

16

E. Such further relief as this Court deems just.

## COUNT XV - RACE DISCRIMINATION, IHRA, AGAINST CONNECTION

40. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her race, black.

41. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT XVI - SEX DISCRIMINATION, IHRA, AGAINST CONNECTION

42. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information

and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her sex, female.

43. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.


## COUNT XVII - AGE DISCRIMINATION, IHRA, AGAINST CONNECTION

44. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because of her age, over 40.

45. Brewer has suffered extreme mental anguish and embarrassment before her friends

and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.


## COUNT XVIII – RETALIATION, TITLE VII, AGAINST CONNECTION

46. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because she complained of disparate treatment to the Human Resources department.

47. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of Title VII committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.

## COUNT XIX - RETALIATION, IHRA, AGAINST CONNECTION

48. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was ignored, harassed, denied support from her managers, downrated, had her sales stolen from her, had her overtime pay denied, had her bonus denied, was humiliated in front of her co-workers, and eventually terminated, because she complained of disparate treatment to the Human Resources department.

49. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Illinois Human Rights Act committed by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of five hundred thousand dollars ($500,000.00);

B. Back pay, pre- and post-judgment interest, lost benefits, lost increases and promotions, and either the position she should have been promoted to OR front pay to make Plaintiff whole;

C. Punitive damages;

D. Reasonable attorney's fees and costs of this suit; and

E. Such further relief as this Court deems just.


## COUNT XX - UNPAID OVERTIME - ADEA and FLSA - AGAINST CONNECTION

50. Plaintiff Ms. Brewer re-alleges the allegations of sections 1-13 above. On information and belief, Brewer was denied overtime pay she had worked despite others being paid for overtime worked.

51. Brewer has suffered extreme mental anguish and embarrassment before her friends and family, has lost wages, income, benefits, and opportunity for advancement, and has been unable to enjoy the ordinary pleasures of everyday life, due to the violation of the Age Discrimination in Employment Act and the Fair Labor Standards Act by Connection.

WHEREFORE, Plaintiff Brewer respectfully requests this Court to order the following relief against Connection:

A. Compensatory damages in the amount of the overtime pay to which she is entitled;

B. Liquidated damages in the same amount as the overtime pay to which she is entitled; and

C. Reasonable attorney's fees and costs of this suit; and

D. Such further relief as this Court deems just.

**LISA L. BREWER**

By: Ellen A. Yearwood, Attorney

## VERIFICATION BY CERTIFICATION

The undersigned, being fully aware of the penalties for perjury under the Federal Code of Civil Procedure and the Illinois Code of Civil Procedure, certifies that she has read the allegations of the foregoing Complaint and that they are true and correct, except those made on information and belief, and as to those, that she believes them to be true and correct.

Lisa Brewer

Yearwood and Associates, Ltd
636 S. River Rd, Suite 104
Des Plaines IL 60016
847-824-0358 ph, 847-824-6771 fax
yearwood_assoc@yahoo.com
IL 6194246

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Lisa L. Brewer<br>1900 Albany Ct<br>Elk Grove Village, IL 60007 | From: Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative<br>Janel Smith,<br>Investigator | Telephone No.<br>(312) 869-8136 |
|---|---|---|
| 440-2017-05625 AMENDED | | |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|  |  |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Julianne Bowman,
District Director

3/29/19
(Date Mailed)

Enclosures(s)

cc: Connections, Inc.
c/o Gregory H. Andrews, Esq.
Jackson Lewis
150 N. Michigan, Ave., Suite 2500
Chicago, IL 60601

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | AMENDED |
| ☒ EEOC | 440-2017-05625 |

| Illinois Department Of Human Rights | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Lisa L. Brewer | (847) 301-8667 | 1970 |

Street Address: 1900 Albany Ct, Elk Grove Village, IL 60007    City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| CONNECTION INC. | 500 or More | (800) 800-0014 |

Street Address: 915 National Parkway, Suite 915-10, Schaumburg, IL 60173    City, State and ZIP Code

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

Street Address:    City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE ☐ COLOR ☒ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ RETALIATION ☒ AGE ☐ DISABILITY ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest    Latest **10-05-2017**
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

**I was hired by Respondent on or about July 11, 2016 as an Account Manager. During my employment, I was subjected to different terms and conditions of employment than my non-Black female and younger co-workers, including, but not limited to, training, assistance, resources, remote access, onsites, overtime, buying accounts/leads, promotions, vendor events, attendance, use of USB drive, discipline, and performance improvement plans. I was also subjected to racial stereotypes regarding my appearance. I complained to Respondent on multiple occasions. Subsequently, I was discharged. Subsequent to filing this charge with the EEOC, Respondent has contested my unemployment benefits.**

**I believe I have been discriminated against because of my race and sex, Black female, and in retaliation for engaging in protected activity, in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe I have been discriminated against because of my age, 47 (DOB: 1970), and in retaliation for engaging in protected activity, in violation of the Age Discrimination in Employment Act of 1967, as amended.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| X 10-1-17   X Lisa Brewer | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |
| Date    Charging Party Signature | |