IN IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LISA BREWER, )<br>)<br>    Plaintiff, )<br>v. )<br>)<br>PC CONNECTION, INC., d/b/a CONNECTION, a )<br>CORPORATION, GARRY HICKERSON, JEFF )<br>HIROMURA, ED TUCKER, CRAIG LANCE )<br>AND RICK GILIGAN, )<br>)<br>    Defendants. ) | Case No. 1:19-cv-04317<br><br>Judge Steven C. Seeger |

### DEFENDANTS' MOTION TO DISMISS COUNTS VIII, IX, X, XI, AND XII OF PLAINTIFF'S COMPLAINT

Defendants, PC Connection, Inc. d/b/a Connection, a corporation; Garry Hickerson, individually; Jeff Hiromura, individually; Ed Tucker, individually; Craig Lance, individually; and Rick Giligan individually ("Defendants"), by and through their attorneys Gregory H. Andrews and Brenna R. McLean of Jackson Lewis P.C., and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submit their memorandum of law in support of their motion to dismiss Counts VIII, IX, X, XI and XIl which must be dismissed because Plaintiff Lisa L. Brewer ("Brewer") brought a Complaint (Docket No.1, "Compl.") including counts against individual defendants and the under the Age Discrimination in Employment Act ("ADEA"); however the ADEA does not provide for individual liability for supervisors.

**Allegations asserted in Counts VIII through XII against the Individual Defendants[1]**

Count VIII asserts a violation of the ADEA by Plaintiff's "manager . . . Garry Hickerson." Compl. at paragraphs 28, 29.

---

[1] The facts and allegations set forth in this memorandum are presumed to be true solely for purposes of Defendants' Motion to Dismiss.

Count IX asserts a violation of the ADEA against Plaintiff's "manager, Jeff Hiromura." *Id.*. at paras. 30, 31.

Count X asserts a violation of the ADEA against Plaintiff's "manager, Ed Tucker." *Id.* at paras. 32, 33.

Count XI asserts a violation of the ADEA against Plaintiff's "manager, Craig Lance." *Id.* at [misnumbered in Complaint as a second para. 32, and a second para. 33].

Count XII asserts a violation of the ADEA against Plaintiff's "manager, Rick Giligan." *Id*. at paras. 34, 35.

## ARGUMENT

### I. Legal Standard

Fed. R. Civ. P. 12(b)(6) mandates dismissal of a complaint that fails to state a claim upon which relief can be granted. In ruling on such a motion, the Court accepts as true all well-pled allegations, but is not constrained by the legal characterizations placed upon those allegations by the plaintiff. *Wroblewski v. City of Washburn*, 965 F.2d 452, 453 (7th Cir. 1992); *Republic Steel Corp. v. Pa. Eng'g Corp.*, 785 F.2d 174, 182-83 (7th Cir. 1986). To survive a motion to dismiss, a complaint must state sufficient facts or inferential allegations to support every material element necessary for recovery under the relevant legal theory. *Papapetropoulous v. Milwaukee Transp. Servs., Inc.*, 795 F.2d 591, 594 (7th Cir. 1986).

### II. Counts VII through XII must be dismissed because there is no individual liability under the ADEA.

Plaintiff cannot assert ADEA claims against managers Hickerson, Hiromura, Tucker, Lance and Giligan in their individual capacities because a supervisor cannot be held individually liable for claims asserted under the ADEA. *Horwitz v. Bd. of Educ.,* 260 F.3d 602, 610 n.2 (7th Cir. 2001) (no

2

individual liability under the ADEA); *Washington v. Univ. of Ill. at Chi.,* 2010 WL 1417000, at *3 (N.D. Ill. 2010) (dismissing with prejudice claims alleged against university officials under Title VII, the ADEA and the IHRA because there is no individual liability.") For all these reasons, Brewer has not alleged an ADEA claim against Hickerson, Hiromura, Tucker, Lance and Giligan in any capacity that can withstand a motion to dismiss. Accordingly, Counts VIII through XII must be dismissed from this lawsuit with prejudice.

### III.  Conclusion

Counts VIII through XII of the Complaint assert alleged violations of the Age Discrimination in Employment Act against a series of individual managers and as such must be dismissed because the statute under which the claims are brought does not provide for individual liability.

WHEREFORE, by virtue of the foregoing, Defendants pray that the Court enter an Order dismissing Counts VIII, IX, X, XI and XII of Brewer's Complaint and granting such other and further relief as may be appropriate under the circumstances.

Respectfully submitted,

Dated: November 6, 2019

**PC CONNECTION, INC., d/b/a CONNECTION, a CORP., GARRY HICKERSON, JEFF HIROMURA, ED TUCKER, CRAIG LANCE AND RICK GILLIGAN**,

Gregory H. Andrews
Brenna R. McLean
Jackson Lewis P.C.
150 North Michigan Avenue, Suite 2500
Chicago, Illinois 60601
Telephone (312) 787-4949
gregory.andrews@jacksonlewis.com
brenna.mclean@jacksonlewis.com

By: /s/ Gregory H. Andrews_____
By One of Their Attorneys

3

**CERTIFICATE OF SERVICE**

I, Gregory H. Andrews, an attorney, certify that on November 6, 2019, a true and correct copy of the foregoing **Defendants' Motion to Dismiss Counts VIII, IX, X, XI, and XII of Plaintiff's Complaint** was filed with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, and that same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system.

/s/ Gregory H. Andrews