# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| LISA L. BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-04317 |
| | ) | |
| PC CONNECTION, INC., et al., | ) | Judge Steven C. Seeger |
| | ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

## JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER

Plaintiff Lisa L. Brewer ("Plaintiff") and Defendants PC Connection, Inc., d/b/a Connection, Gary Hickerson, Jeff Hiromura, Ed Tucker, Craig Lance, and Rick Gilligan (collectively "Defendants"), by and through their respective counsel, jointly move for the entry of the attached Agreed Protective Order to govern the disclosure of confidential information contained in certain documents that will be produced during the course of this arbitration. In support of this motion, the parties state as follows:

1. The parties agree that the entry of an appropriate protective order is necessary in order to protect confidential information that the parties may produce to each other or that they may receive from third parties during the course of this arbitration.

2. The parties also propose to include a clawback provision pursuant to Federal Rule of Civil Procedure 502 in the agreed order.

3. The parties have agreed to the terms of the Agreed Protective Order attached to this motion as Attachment A.

WHEREFORE, the parties respectfully request that the Court grant this motion and enter the Agreed Protective Order attached thereto as Attachment A.

Dated: July 6, 2020

Respectfully submitted,

| | |
|---|---|
| **LISA L. BREWER** | **PC CONNECTION, INC., d/b/a CONNECTION, a Corporation, GARY HICKERSON, JEFF HIROMURA, ED TUCKER, CRAIG LANCE, and RICK GILLIGAN** |
| By: /s/ Ellen Yearwood<br>Plaintiff's Attorney | By: /s/ Gregory H. Andrews<br>One of Their Attorneys |
| Ellen Yearwood<br>Yearwood and Associates, Ltd<br>636 S. River Road, Suite 104<br>Yearwood_assoc@yahoo.com | Gregory H. Andrews<br>Brenna R. McLean<br>Jackson Lewis P.C.<br>150 North Michigan Avenue<br>Suite 2500<br>Chicago, Illinois 60601<br>Phone: (312) 787-4949<br>Fax: (312) 787-4995<br>Gregory.Andrews@jacksonlewis.com<br>Brenna.McLean@jacksonlewis.com |

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on July 6, 2020, he caused a true and correct copy of the foregoing **JOINT MOTION FOR ENTRY OF AGREED PROTECTIVE ORDER** to be filed with the Court by electronic filing protocols, and that same will therefore be electronically served upon all attorneys of record registered with the Court's ECF/CM system.

/s/ Gregory H. Andrews

# ATTACHMENT A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| LISA L. BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-04317 |
| | ) | |
| PC CONNECTION, INC., et al., | ) | Judge Steven C. Seeger |
| | ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

## AGREED PROTECTIVE ORDER

In order to protect confidential business and trade secret information consistent with the public's right of access to the Court's records and processes, the Court hereby enters the following Protective Order pursuant to Fed. R. Civ. P. 26(c) and Local Rule 26.2, which binds all parties and counsel of record in this action:

**I.     Types of Discovery Materials Which May Be Designated Confidential or Highly Confidential**

1.     Any documents, answers to interrogatories, responses to requests for admission, deposition testimony, deposition transcripts and exhibits, initial disclosures produced pursuant to Fed. R. Civ. P. 26(a) and any other material or information produced in response to discovery requests in this litigation, including any such material initially produced in another case (hereinafter, collectively, "Discovery Materials"), may be designated by a producing party or non-party as "Confidential" or "Highly Confidential" in accordance with this Protective Order.

2.     "Confidential Information" shall include any Discovery Material that is not in the public domain which in the designating party in its good faith judgment concerns or relates to: (1) personal information, the disclosure of which could violate individual privacy rights; or (2)

information that reveals or reflects proprietary or confidential research, commercial, financial, technical, or personnel information, the disclosure of which could adversely affect the competitive advantages or position of a party.

3. "Highly Confidential Information" shall include any Confidential Information, which is so competitively sensitive that a party or non-party believes in good faith that it would, or might reasonably have a tendency to, cause harm to the business operations of the disclosing party or non-party or provide improper advantage to others, if disclosed to the public or other party without the restrictions set forth herein. The parties shall not designate any document as "Highly Confidential" unless it contains information relating to events or transactions occurring less than five years prior to (or after) the entry of this Protective Order.

4. Any copies or reproductions, excerpts, summaries or other documents or media (e.g., electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of (other than in general terms) Confidential Information or Highly Confidential Information shall also be treated as Confidential Information or Highly Confidential Information pursuant to this Order.

## II. Designation of Discovery Material as Confidential or Highly Confidential

5. Any Discovery Material produced in this action that are to be designated "Confidential" or "Highly Confidential" may be so designated by the producing party or nonparty by (i) providing copies of the Discovery Material so designated that are stamped with the legend "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or (ii) furnishing a separate written notice to the counsel for the party receiving such Discovery Material at the time of their production or as soon thereafter as practicable specifically identifying the documents or materials as "Confidential," or "Highly Confidential," so long as the Producing Party supplies substitute copies (bearing the same bates

numbers as the original copies, where practicable) of any such documents bearing the designations set forth in Paragraph 5(i) within 5 business days or as many days as the parties shall agree. Discovery Material stamped or designated "CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL SUBJECT TO PROTECTIVE ORDER" shall be treated as Confidential or Highly Confidential, respectively, for the purposes of this Order. However, any Discovery Material initially designated as Confidential or Highly Confidential in prior litigation, which subsequently lost its designation pursuant to a court order, or was publicly filed in the prior litigation, shall be treated in this action consistent with its final status in the prior litigation. Any party producing Discovery Material initially designated Confidential in prior litigation will adopt the "Confidential" designation by producing it in the course of this case without taking any further action. However, if a party wishes to designate Discovery Material as "Highly Confidential" in this litigation, it is incumbent on the party to stamp or designate the Discovery Material in such a way that it is apparent the designation occurred in this litigation. If that is not apparent, the Discovery Material previously designated as Highly Confidential will be deemed merely Confidential. To the extent a producing party makes documents available for inspection and copying at the producing party's or counsel's location prior to confidentiality designation of the documents, such materials shall be treated as Highly Confidential until such time as they are produced and assigned confidentiality designations in accordance with this Order.

6.     If Confidential Information or Highly Confidential Information is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure shall, immediately upon learning of such disclosure, inform the producing party or non-party of all pertinent facts relating to such disclosure and shall make every effort to retrieve the

designated material and to prevent the occurrence of any further disclosure unauthorized by this Order.

7. If, in connection with the pending litigation, a party (the "Disclosing Party") inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), the disclosure of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter.

8. If a claim of inadvertent disclosure is made by a Disclosing Party with respect to Inadvertently Disclosed Information, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such Inadvertently Disclosed Information has been returned or destroyed.

9. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

10. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information (a "Privilege Motion"). The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

11. The Disclosing Party retains the burden of establishing privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this paragraph shall limit the right of any party to petition the Court for an in camera review of the Inadvertently Disclosed Information.

12. The parties shall not be required to serve a copy of this Order simultaneously with any discovery request made to a non-party in this action. To the extent a non-party requests a copy of this Order, the party making the discovery request shall provide a copy without undue delay.

13. Deposition testimony and the transcripts and video recordings thereof of depositions conducted during pretrial discovery in this litigation shall be treated as Highly Confidential for a period of thirty (30) days or for as many days as the parties shall agree, after receipt of such deposition transcript and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Highly Confidential Information or Confidential Information. Such Highly Confidential or Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Order.

### III. Permissible Uses of Discovery Material

14. All persons obtaining access to Discovery Material produced in connection with this action shall use such Discovery Material only for the purpose of this litigation, *i.e.*, *Lisa Brewer v. P.C. Connection et al.*, Case No. 1:19-cv-04317, and not for any other purpose. However, this provision shall not apply to any Discovery Material subsequent to its becoming part of the public record in this action. Nothing in this Order shall limit or restrict a party's rights, if any, to use its own Discovery Material or any information obtained independent of discovery in this action in any manner that the party deems appropriate.

15. Nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents, material or information obtained by such party or witness independently of the discovery proceedings in this action, whether or not such documents, material or information are also obtained through discovery proceedings in this action.

16. Unless otherwise ordered by the Court, Confidential Information may be disclosed only to the following persons:

(a) The Court and any Special Masters or Mediators engaged for this action;

(b) Outside counsel of record for any party, including associated personnel necessary to assist outside counsel in the action—such as litigation assistants, paralegals, and secretarial or other clerical personnel, but not to include attorneys not associated with the attorneys of record in the litigation;

(c) Non-party consultants, experts and/or litigation support services, including outside copying services, or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a party for the purpose of assisting that party in this action. The provisions of this paragraph shall also apply to persons employed by consultants, experts, or support services;

(d) Court reporters;

(e) Associated personnel of any person within categories (a) through (d) for whom access to Confidential Information is necessary to assist such persons in the action, including any Court personnel assisting the Court, secretarial or other clerical personnel, stenographers or other person involved in taking or transcribing or videotaping of testimony in this action;

(f) Any other person as to whom the party or non-party producing the Discovery Material has consented to disclosure in advance and in writing, on notice to each party hereto;

(g) During their depositions, witnesses in the action to whom the disclosure is reasonably necessary, consistent with the provisions herein;

(h) All parties to this litigation, including employees of parties who are involved in the prosecution or defense of the claims in this case but not to include counsel that is eligible to appear as counsel of record; and,

(i) Representatives or agents of the parties whose names are submitted to the opposing party and approved, in writing, prior to the disclosure of any Discovery Material subject to this Order.

17. Unless otherwise ordered by the Court, Highly Confidential Information may be disclosed only to: (i) any persons falling within categories (a) through (f) in paragraph 16 above; and (ii) any person referenced in paragraph 18 below.

18. Notwithstanding the provisions in paragraphs 16 and 17 above, Confidential and Highly Confidential Information may be disclosed to any employee of the party or non-party producing such information.

19. Subject to the terms of this Order and the Federal Rules of Civil Procedure, any party may use Confidential Information in the course of a deposition provided that, prior to any examination of a witness with respect to such Confidential Information, the witness and court reporters are furnished with a copy of this Order, and are shown a confidentiality agreement stating the following:

> "I, [name, position of employment], hereby acknowledge and agree that I am about to receive confidential information. I certify my understanding that such information is to be provided to me pursuant to the terms and restrictions of the Court Order of [date entered] in *Lisa Brewer v. P.C. Connection et al.* Case No. 1:19-cv-04317. I have been given a copy of and have read this Order and agree to be bound by its terms."

20. Counsel for each party representing a deposition witness shall have responsibility for supplying this Order to that witness before the deposition and attempting to obtain their

execution of the confidentiality agreement. Witnesses not represented by a party's counsel shall be provided with a copy of this Order at the start of the examination, and shall be advised on the record that he or she is subject to sanctions for violating the terms of this Order. If a witness refuses to execute a copy of the confidentiality agreement, the admonition in the immediately preceding sentence shall serve as a substitute for the execution of the confidentiality agreement, and shall be sufficient to allow for examination of the witness as to Confidential Information. A copy of this Order (including a copy of the confidentiality agreement) shall be included with each subpoena served on non-parties, and the subpoena shall state that this Order shall apply to all documents or other information produced in response to the subpoena.

21. In addition to persons identified in paragraphs 16 through 18, counsel for a party may disclose (i) Highly Confidential Information to any witness at a deposition who was an original author or recipient of the Highly Confidential Information or (ii) Confidential or Highly Confidential Information to a witness or potential witness outside a deposition, provided counsel has obtained written consent of counsel for the producing party or non-party. Such consent shall not be unreasonably withheld. If consent is withheld and the party taking the deposition nonetheless intends to use the Confidential or Highly Confidential Information, the Court shall be asked to resolve the dispute. However, counsel need not obtain consent if (i) the person is an author, addressee, or intended recipient of the Confidential or Highly Confidential Information; or (ii) the person is a current or former employee of the producing party or non-party and has or had lawful access to the specific document containing the Confidential or Highly Confidential Information to be disclosed.

22. Persons described in paragraph 16(b) (and their associated personnel) shall be deemed bound by the terms of this Order upon its entry by the Court.

23. A party disclosing Confidential Information or Highly Confidential Information to a person described in paragraph 16(c) or 16(f) or any person described in the first sentence of paragraph 20 must first: (i) advise the recipient that the information is Confidential or Highly Confidential Information and may only be used in connection with this litigation; (ii) provide the recipient with a copy of this Order; and (iii) secure the signature of the person on a certificate in the form attached hereto as Exhibit A. It shall be the obligation of counsel to retain a copy of all certificates executed pursuant to this paragraph.

### IV. Challenges to Confidential or Highly Confidential Designations

24. If any party disagrees with the designation by the producing party or non-party of any Discovery Material as Confidential or Highly Confidential Information, then the parties to the dispute, after providing notice to all parties in this action, will attempt first to resolve the dispute on an informal basis before presenting the dispute to the Court. All items objected to shall continue to be treated as Confidential or Highly Confidential pending resolution of the parties' dispute. If the dispute can be resolved, all parties shall promptly be informed of the resolution. If the dispute cannot be resolved informally, the disputing party may move the Court for a re-designation of the Discovery Material. Until the Court rules on the motion, the material shall be treated consistent with its existing designation. The producing party or non-party bears the burden of persuading the Court that the information is in fact Confidential or Highly Confidential within the definition(s) or those term(s) set forth above. Discovery Material shall not be entitled to a Confidential or Highly Confidential designation where the disputing party demonstrates that such material was in the public domain at the time of, or has become public since, its designation. Nothing in this Order precludes any party from challenging a confidentiality designation on any other ground.

25. Entering into, agreeing to, and/or complying with the terms of this Order shall not: (a) operate as an admission by any party that any particular documents, material or information contain or reflect currently valuable trade secrets or proprietary or commercial information; or (b) prejudice in any way the right of a party at any time: (i) to seek a determination by the Court of whether any particular document, item of material or piece of information should be subject to the terms of this Order; (ii) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, item of material or piece of information; (iii) to object to any discovery request, including the right to assert that no discovery shall be had of certain documents or information; (iv) to seek a higher level of protection than provided for by this Order if the party believes that new and unique circumstances warrant that higher level of protection; or (v) to seek documents or other information from any source. In any instance where a producing party seeks a higher level of protection for Discovery Material after its initial production, the higher protection level shall apply to the materials beginning as of the time of their re-designation. Persons who obtained access to such materials prior to their re-designation shall, from the time of notice to them of the materials' re-designation, restrict their review or use of those materials in accordance with the higher protection level.

## V. **Deposition Transcripts**

26. Any deposition testimony concerning a Confidential or Highly Confidential document produced by a party or a non-party will be marked by the court reporter or videographer as Confidential or Highly Confidential on the deposition transcript or videotape. The deponent may review the transcript in order to make changes as permitted by Fed. R. Civ. P. 30(e)(1).

## VI. Efforts by Non-Parties to Obtain Confidential or Highly Confidential Information

27. If any party has obtained Confidential or Highly Confidential Information under the terms of this Order and receives a subpoena or other compulsory process commanding the production of such Confidential or Highly Confidential Information, such party shall notify the producing party or non-party no later than five (5) business days following receipt of the subpoena (but in no event later than five (5) business days prior to compliance with the subpoena), including in such notice the date set for the production of such subpoenaed information, so that the producing party may file a motion for a protective order or to quash the subpoena. Within five (5) business days the producing party or non-party shall inform the subpoenaed party either that it does not object to production of the Information or that it will seek court protection to prevent the production. In the event the producing party or non-party files such a motion for a protective order, the subpoenaed party shall not produce any Confidential or Highly Confidential Information in response to the subpoena without the prior written consent of the producing party or non-party unless in response to an order of a court of competent jurisdiction, or unless a failure to produce such Confidential or Highly Confidential Information would, in the judgment of the subpoenaed party, constitute a violation of any law, rule or regulation.

28. The parties will not object to the producing party or non-party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential or Highly Confidential Information for the sole purpose of seeking to prevent or restrict disclosure thereof.

## VII. Procedures Concerning Third-Party Materials

29. To the extent a party to this action is required to produce Discovery Material that was initially produced in a prior litigation, or which otherwise contains information supplied by a

non-party to this action, or which is covered by a non-disclosure agreement pursuant to which consent to production must be obtained ("Third-Party Materials"), and notice must be given prior to production in this action of such Third-Party Materials, the producing party must, within twenty (20) business days of becoming aware that a discovery request hereinafter served seeks production of Third-Party Materials, initiate the steps necessary to comply with any preproduction notice requirements imposed by any protective order in a prior litigation and/or any other notice obligations ("Third-Party Notice Requirements"). Upon satisfaction of its Third-Party Notice Requirements and resolution of any objections to the production of the Third-Party Materials in this action, the producing party shall promptly re-produce such Third-Party Materials. The Parties reserve all rights to invoke this Court's jurisdiction in this litigation to resolve any issues relating to third parties' rights with respect to the production of this material.

30. In the event a producing party inadvertently produces Third-Party Materials without first complying with any Third-Party Notice Requirements ("Inadvertently Produced Third-Party Materials"), the producing party may request the return of the Inadvertently Produced Third-Party Materials, and the possessing parties shall within five (5) business days return or destroy such Inadvertently Produced Third-Party Materials, except that, in the event a possessing party expects to move for an order allowing continued retention and use of the recalled Inadvertently Produced Third-Party Materials, the possessing party may retain one copy of such materials, solely for use in connection with such a motion. Promptly after discovering its production of Inadvertently Produced Third-Party Materials, the producing party shall comply with any applicable Third-Party Notice Requirements.

**VIII. Filing Confidential Information**

31. This Order does not, by itself, authorize the filing of any document under seal.

Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 26.2.

## IX. Use of Confidential or Highly Confidential Information at Hearings and Trial

32. In the event that any Confidential Information or Highly Confidential Information is used in any pre-trial court hearing or proceeding in those actions, and there is any dispute as to whether such material continues to be Confidential or Highly Confidential, the parties will meet and confer to resolve such dispute.

33. The parties shall confer and attempt to agree before any trial or other hearing on the procedures under which Confidential or Highly Confidential Information may be introduced into evidence or otherwise used at such trial or hearing. Upon reaching agreement, the parties shall give notice of the terms of such agreement to each non-party producing any Confidential or Highly Confidential Information which may be used or introduced at such trial or hearing. Absent agreement, the Court shall be asked to issue an order governing the use of such Confidential and Highly Confidential Information at trial or hearing upon reasonable notice to all parties and non-parties who have produced such information.

## X. Procedures upon Termination of Action

34. Within thirty (30) days after the running of any applicable time to appeal the final order entered in this litigation, any producing party or non-party may request that a party return or destroy any Discovery Material the producing party or non-party has provided (other than outside counsel's copies of documents filed with the Court and outside counsel's file copies of papers prepared in connection with this matter), which request shall be honored within sixty (60) days. If the possessing party elects to destroy the Discovery Material rather than return it, the

possessing party shall provide the producing party written certification that the destruction has been completed. Nothing in this provision shall limit the rights, if any, of any party or non-party to object to and seek a ruling of the Court concerning a party's retention of any Discovery Material. To the extent any person retains copies of Discovery Material pursuant to the terms of this paragraph, such Discovery Material shall continue to be subject to the protections provided by this Order. In addition, all restrictions in this Order regarding the use by any person of information or knowledge obtained from Discovery Material shall continue even after such Discovery Materials is returned or destroyed.

## XI. **Miscellaneous**

35. This Order shall not affect the right of any party or non-party to oppose production of Discovery Material on any ground permitted by the Federal Rules of Civil Procedure, including any applicable privilege. Moreover, the Order shall not affect the scope of discovery by any party that is not otherwise proper under the Federal Rules of Civil Procedure.

36. Nothing in this Order shall prejudice the right of any party or non-party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, or to seek modifications of this Order upon due notice to all other parties and affected nonparties.

SO ORDERED:

Dated: July ___, 2020

                                                      United States Magistrate Judge
                                                      Jeffrey Cole

                                                      _____

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LISA L. BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-cv-04317 |
| | ) | |
| PC CONNECTION, INC., et al., | ) | Judge Steven C. Seeger |
| | ) | Magistrate Judge Jeffrey Cole |
| Defendant. | ) | |

**ACKNOWLEDGEMENT
AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Protective Order dated July \_\_\_\_, 2020 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the tribunal or any court of competent jurisdiction in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt.

Name: _____
Job Title: _____
Employer: _____
Business Address: _____
_____
_____

Date: _____ _____
Signature