IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LISA L. BREWER, | ) | |
| | ) | |
| Plaintiff, | ) | No. 19 C 4317 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| PC CONNECTIONS, INC. , et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

**A.**

This is the third version of plaintiff's Motion to Compel. The last one was filed under seal, seemingly for no apparent reason, and thus it was stricken. Prior to that, counsel filed one without having conferred with the defendant's counsel as required by Local Rule 37.2. Perhaps it was the latter's responsibility for the omission more so than plaintiff's counsel's; but both sides were partly responsible. That one was denied pursuant to local Rule 37.2, and the parties were ordered to have the meet-and-confer required by the Local Rules by July 2nd, to settle what, by all appearances, was an uncomplicated discovery conflict in a not overly complicated case, involving claimed discrimination.[1] As explained below, the present motion [Dkt. #63] is denied in part and granted in part.

The plaintiff's skeletal two-paragraph motion makes no mention of any meet-and-confer under Local Rule 37.2. It is not supported by any memorandum or brief, but only by an affidavit from

---

[1] Of course, we are not minimizing the nature of the case or the nature of the wrongs claimed by the Complaint.

plaintiff's counsel, stating that counsel had discussions by phone up to July 23rd. Plaintiff's counsel then sent defendant's counsel a letter on July 30th listing the defendant's claimed deficiencies in discovery production. [Dkt. #63, at page 4/9]. Judging by the laundry list in the letter, it is not clear what occurred, as little of substance seemed to be accomplished. In any event, plaintiff's counsel filed the sealed motion on the next day, July 31st. [Dkt. #60]. So, there was no chance for defendant's counsel to respond.

Moreover, when the lawyers were at an impasse, and defendant's counsel asked for legal authority to support the position that was steadfastly being maintained, plaintiff's counsel improperly ignored the request [Dkt. #69-1, Exs. 8, 9] and filed the Motion. That is hardly consistent with the core purpose of the Local Rules, to say nothing of the obligations that lawyers owe to each other in a case. *See, e.g. Mommaerts v. Hartford Life & Accident Ins. Co.*, 472 F.3d 967, 968 (7th Cir. 2007); *Barello v. City of Seal Beach,* 2019 WL 8883348 (C.D.Cal. 2019); *BankDirect Capital Finance, LLC v. Capital Premium Finance, Inc.*, 326 F.R.D. 171, 173 (N.D.Ill. 2018)(and cases and authorities cited); *Barlow v. Herman*, 2015 WL 846568 (D.Nev. 2015); *Griffin v. Hitachi Koki, USA, Ltd.*, 2006 WL 1098881, at *3 (M.D. Ala. 2006).

Plaintiff's counsel gave this inaccurate and troubling response: "That is why one files motions to compel . . . ." [Dkt. #71, at 7]. That inflexible position demonstrates a misconception of what Local Rule 37.2 was designed to achieve and how it was to function in discovery disputes. It also misconstrues the role counsel are supposed to play in resolving, where possible, those disputes. The Rule ultimately rests on what Holmes called the shortness of life and the reality that there is a never ending procession of cases that compete for judicial attention. If the lawyers can resolve the issue, their time is saved as is the court's and will be available to those cases that present issues that cannot

be amicably resolved and truly require judicial intervention. *Stingley v. City of Chicago,* 2009 WL 3681984, 2 (N.D.Ill. 2009). Each hour *needlessly* spent on a dispute is an hour squandered. *Chicago Observer, Inc. v. City of Chicago, 929* F.2d 325, 329 (7th Cir.1991) ("Litigation is costly not only for the litigants but also for parties in other cases waiting in the queue for judicial attention."). This is a problem to which the Seventh Circuit has repeatedly adverted. *See, e.g., Otto v. Variable Annuity Life Ins. Co.,* 134 F.3d 841, 854 (7th Cir.1998); *Channell v. Citicorp Nat. Services, Inc.,* 89 F.3d 379, 386 (7th Cir.1996); *Szabo Food Service, Inc. v. Canteen Corp.,* 823 F.2d 1073, 1077 (7th Cir.1987).

Defendant's counsel filed a response to plaintiff's motion on August 10th. The brief was ten pages, but attached to it was a 135-page exhibit, which was actually multiple exhibits clumped together. As a result one must scroll through the entire filing to find whatever exhibit defendant's counsel might reference in his brief. Actually, defendant's counsel does not cite to the exhibits in his brief; he cites to his Declaration, which then in turn cites to his exhibits. Jumping through defendant's counsel's hoops, it looks as though defendant supplemented its discovery responses and production on July 30th [Dkt. #69-1, Ex. 7], and it would seem that plaintiff's counsel didn't take a look at them before the sealed motion to compel was filed. She didn't mention them in her most recent effort either. She also sent an email to defendant's counsel that seemed to suggest that a Rule 37.2 conference about this dispute would have to wait until *after* she filed her Motion to Compel [Dkt. #69-1, Ex. 9], which makes no sense and is contrary to the purpose of Local Rules like 37.2. Perhaps plaintiff's counsel would call that "whining." [Dkt. # 71, at 7, 8]. It is anything but. In any event, we get a discovery dispute where the lawyers barely seem to agree on what they're arguing about, and, like here, one side says a response is inadequate, and the other side claims it has supplemented the

3

response, and it is adequate now. And, all too often, it turns out that, unfortunately, there is nothing adequate about the submission.

Of course, it would behoove counsel to work out their difficulties before prematurely (and perhaps needlessly) filing costly and time consuming motions, which often make it even more difficult for counsel in the case to cooperate with each other. They know what has been produced and what has not. They know what their case is about and what is relevant and what is not and, they generally will know what is "proportional" to the needs of the case. Fed.R.Civ.P. 26(b)(1). But unfortunately, it is commonplace to succumb to the temptation to dump it all in someone else's lap. But, the rules recognize that counsel, where possible, should resolve their discovery disputes, and that mutual resolution without court intervention often gives the parties, in the end, a good deal more of what each side feels is appropriate than will a decision by a court faced with a discovery dispute in which the parties all too often take extreme polar positions. A negotiated resolution of the discovery issue is generally superior to the often "unsatisfactory" resolution by a court, which is governed by what the court deems an appropriate exercise of "discretion."

The resolution of discovery disputes is committed to the court's extremely broad discretion. *Kuttner v. Zaruba*, 819 F.3d 970, 974 (7th Cir. 2016). An abuse of discretion occurs when no reasonable person could take the view of the district court. *U.S. v. Re*, 401 F.3d 828, 832 (7th Cir. 2005). That means there are no hard and fast rules in discovery matters. Indeed, two decision-makers—on virtually identical facts—can arrive at opposite conclusions, both of which constitute appropriate exercises of discretion. *See McCleskey v. Kemp*, 753 F.2d 877, 891 (11th Cir. 1985), *aff'd, McCleskey v. Kemp*, 481 U.S. 279, 289-290 (1987). *Accord Mejia v. Cook County, Ill.*, 650 F.3d 631, 635 (7th Cir. 2011). *Cf. United States v. Bullion,* 466 F.3d 574, 577 (7th Cir.

2006)(Posner, J.) ("The striking of a balance of uncertainties can rarely be deemed unreasonable...."); *Elliot v. Mission Trust Services, LLC*, 2015 WL 1567901, 4 (N.D. Ill. 2015). As a result, a party that obdurately maintains its position without budging could insist that it was "right," but find itself on the losing side when the matter comes before the court, and the court's vast discretion in overseeing discovery leads it to accept the other side's "right" position. Is a response adequate? One judge will say yes, another will say no. The losing party will have little recourse given the discretionary nature of the decision that a judge makes in resolving discovery disputes.

To overturn a ruling by a magistrate judge on a discovery motion requires a showing that the ruling "is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Rule 72(a). *See Hassebrock v. Bernhoft*, 815 F.3d 334, 340 (7th Cir. 2016). That's an exceedingly difficult burden to meet. *See Industries, Inc. v. Centra 2000, Inc.*, 249 F.3d 625, 627 (7th Cir.2001). The Seventh Circuit's quaint description in *Centra 2000, Inc.* says it best: a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish." *See also Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made."). A negotiated outcome is more likely to give both sides a mutually satisfactory resolution. But, the parties and their attorneys have decided against that course, and so here we are.

**B.**

The defendant hired plaintiff as a sales account manager in defendant's Schaumburg, Illinois office in July of 2016. [Dkt. # 1, ¶. 9]. She alleges that once she was hired, defendant began discriminating against her in most facets of her employment on the basis of race and age. [Dkt. #1].

5

*Cf. Perez v. Thorntons, Inc.*, 731 F.3d 699, 710 (7th Cir. 2013)(" The common actor inference says it is reasonable to assume that if a person was unbiased at Time A (when he decided to hire the plaintiff), he was also unbiased at Time B (when he fired the plaintiff)(parenthesis in original). Again, that is not a conclusive presumption, but we treat it as a reasonable inference."); *McKinney v. Office of Sheriff of Whitley Cty.*, 866 F.3d 803, 814 (7th Cir. 2017)("this inference is not a conclusive presumption... that... should be considered by the ultimate trier of fact rather than on summary judgment or the pleadings.").

Although the plaintiff submits that hirings and firings by sales directors, Jeffrey Hiromura and Alicia Arnold, for a five-year period before she was fired in 2017 are relevant to why she was fired. Plaintiff's counsel cites no authority to support a five-year period [Dkt. # 63, at 4; 71, at 5-6], let alone a period stretching back about four years before the plaintiff was hired. "Lawyers' talk is no substitute for data," *Phillips v. Allen*, 668 F.3d 912, 916 (7th Cir. 2012), and "a parties' position is not legally infirm because his opponent says so." *Miller v. Lehman*, 801 F.2d 492, 500 (D.C.Cir. 1986)(Edwards, J., concurring). Arguments made without support or explanation, like those that are undeveloped, are deemed waived. *United States v. Barr*, 960 F.3d 906, 916 (7th Cir. 2020); *Gross v. Town of Cicero*, 619 F.3d 697, 704–05 (7th Cir. 2010).

Consequently, discovery in this case will be limited to the calendar years 2016, 2017, and 2018. That, obviously, includes the July 2017 numbers for plaintiff. And, defendant must supply *complete* contact information available for other inside sales account managers at the Schaumburg location. Accordingly, that much of plaintiff's motion to compel is denied in part and granted in part.

As for discovery from the defendant's other locations, specifically Merrimack, New Hampshire – plaintiff does not inform the court of any other locations in her Declaration – review of

6

the plaintiff's Motion and Complaint leads to the conclusion that this discovery would be out of proportion to the needs of this case. While there is no "hard and fast test, and there is no magic to" finding "a similarly situated comparator," the plaintiff's suit falls into the category of the "usual case [where] a plaintiff must at least show that the comparators (1) 'dealt with the same supervisor,' (2) 'were subject to the same standards,' and (3) 'engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" *McDaniel v. Rail Locomotive, Inc.*, 940 F.3d 360, 369 (7th Cir. 2019).

Plaintiff's counsel provides nothing to convince us that nationwide discovery, as it were, is appropriate in this case. She claims that Jeffrey Hiromura testified that Alicia Arnold was in charge of all the firings at all defendant's locations, but provides neither a citation to this testimony, nor a transcript of it. [Dkt. #63, at 2; #71, at 3-4]. It is unclear what counsel thinks a court can do with such a completely unsupported argument, but, obviously, a court should not accept it.[2] An attorney's unsupported claim in a brief – or, here, a Declaration – is not evidence. *United States v. Chapman*, 694 F.3d 908, 914 (7th Cir. 2012); *United States v. Diaz*, 533 F.3d 574, 578 (7th Cir. 2008); *Gunn v. Stevens §. & Training Servs., Inc.*, 2018 WL 1737518, at *2 (N.D. Ill. 2018). As the Seventh Circuit has emphasized, "saying so doesn't make it so." *United States v. 5443 Suffield Terrace,*

---

[2] It bears repeating that courts cannot and ought not make arguments for counsel. Indeed it would be improper to do so. Judges are not like pigs hunting for truffles buried in briefs, *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir.1991), nor are they allowed to play archaeologist with the record. *DeSilva v. DiLeonardi,* 181 F.3d 865, 867 (7th Cir.1999). *See also Bonds v. Coca Cola*, 806 F.2d 1324, 1328-29 (7th Cir. 1986). As the Supreme Court recently stressed, "[i]n our adversarial system of adjudication we follow the principle of party presentation." *United States v. Sineneng-Smith*, _U.S._, 140 S.Ct. 1575, 1579 (2020). That principle assigns to the court the role of "neutral arbiter of matters the parties present." *Id.* Thus, "as a general rule, [o]ur system is designed around the premise that [parties represented by competent counsel] know what is best for them and are responsible for advancing the facts and arguments entitling them to relief.' " *Id.* at 1579. (Brackets in original).

*Skokie, Ill.,* 607 F.3d 504, 510 (7th Cir.2010). *See also Dennis v. Kellogg Co.*, 697 F.3d 858, 866 (9th Cir. 2012). "Even the Solicitor General's unsupported assertions are not enough." *Digital Realty Trust, Inc. v. Somers*, _U.S._, 138 S.Ct. 767, 779 (2018). Thus, arguments made without support are deemed waived. *Barr*, 960 F.3d at 916; *Gross*, 619 F.3d at 704–05. Based on the rather sketchy motion here, only evidence from the location where plaintiff worked need be produced.[3] Accordingly, discovery will be limited to the Schaumburg location. Of course, full production must be made for that location.

Finally, given the difficulties that have been had complying with Local Rule 37.2, any future discovery motions must include a separate joint statement of the parties' efforts and time spent to resolve their disputes over each of the document requests at issue, along with a statement of the parties' final positions taken during negotiations, supported by the pertinent authority they relied upon during negotiations, on each request that remains in dispute. *See Infowhyse GmbH v. Fleetwood Grp.*, 2016 WL 4063168, at *2 (N.D. Ill. 2016); *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 2007 WL 2713352 (N.D. Ill. 2007); *O'Toole v. Sears, Roebuck & Co.*, 302 F.R.D. 490, 491 (N.D. Ill. 2014). An advocate's job is to make it easy for the court to rule in his client's favor . . . ." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006). The filings in this case give the court very little to work with when they – too quickly and without the mandated good faith adherence to the Local Rules – prematurely bring discovery disputes to the court.

---

[3] After all, one assumes that plaintiff did not decide she was the victim of discrimination based on what was going on in New Hampshire. There *must* have been something she noticed going on where *she* was working, not something she had no idea about a thousand miles away. So, unless she and her lawyer filed a lawsuit frivolously – and we do not suggest that is the case – there should be adequate evidence from the office where plaintiff actually worked. Indeed, defendant's counsel has made a sworn statement – which plaintiff's counsel has not disputed – that defendant has produced nearly 10,000 documents in discovery. [Dkt. #69-1, Page 5/135].

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 8/25/20