## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| Lisa L. Brewer, Plaintiff, ) | |
| v. ) | No. 19-cv-04317 |
| PC Connection, Inc., *et al.* ) | Judge Steven C. Seeger |
| Defendants ) | |

## COUNSEL YEARWOOD'S CLARIFICATION OF THE RECORD

Former counsel Ellen A. Yearwood for Plaintiff Lisa L. Brewer, in compliance with Judge Seeger's Order of Oct. 14, 2020, hereby "clarifies" the record.

First, the Affidavit attached to Yearwood's Motion to Withdraw was written and notarized March 5, 2020. Everything in that Affidavit was true as of March 5, 2020.

Since March 5, 2020, Plaintiff Brewer advanced $4500 for depositions, $2500 on March 6, 2020, which is why the Motion to Withdraw was not filed in March, 2020, and $2000 on Aug. 3, 2020, during a time when there was a discovery close order for Sept. 1, 2020, and all the depositions had to be done in August.

Counsel Yearwood got all the depositions done in August as ordered, but even though counsel Yearwood sent copies of all the deposition invoices to Plaintiff Brewer in August and September and demanded payment, Brewer paid nothing more. See email dated Sept. 3, 2020, from counsel Yearwood to Plaintiff Brewer, copy attached as Exhibit A, demanding $1097.35 for payment of the four invoices in hand and unpaid as of that date. See email dated Sept. 14, 2020, from Plaintiff Brewer to counsel Yearwood, copy attached as the lower portion of Exhibit B, wherein Plaintiff Brewer instead of paying the

1

funds demanded on Sept. 3, instead demands "a specific accounting." Then she asks "without an official transcript that gives record of the actual time, how do I know the hours she is reporting is correct? Our depositions where scheduled from 1 to 5 p.m. for a total of 4 hours. Why is the attendance time not included on the invoice since she is showing all exceeding the 4 hour allotment?" Since Plaintiff Brewer was present at the depositions and knew or should have known what hours were expended, these were bogus objections. Then Plaintiff Brewer repeated what she said in a frustrated conversation after a deposition had concluded, "I also made clear to you on that day I will not be paying for Greg Andrews majority use of that deposition time since he used it to benefit his client and you refused to use the time allocated to address questions I prepared at your behest.." It was clear she was not going to pay in full for the depositions.

Nevertheless, counsel Yearwood prepared and sent Plaintiff Brewer another "accounting" email on Sept. 21, 2020, see copy attached as the upper portion of Exhibit B, asking again that Plaintiff Brewer pay the balance for the unpaid invoices, which because more invoices had arrived, now totaled $3959.35. The response to that demand were emails from Plaintiff Brewer demanding a "strategy" for the rest of the case, but no payment. Finally, on Sept. 29, 2020, at 9:34 a.m., counsel Yearwood sent a last demand for payment, copy attached as Exhibit C, ending with "If you wish to pay for your transcripts and keep me on your case, you must do it NOW." There was no response to this email, so later that day counsel Yearwood filed a Motion to Withdraw, received a

settlement offer and conveyed it to Plaintiff Brewer, and spindled the Motion for hearing.

Brewer's contract required her to reimburse all costs and expenses within 30 days and also promised that she would be consulted before deposition costs and expenses were incurred. At every point Plaintiff was consulted about deposition costs and expenses and counsel Yearwood provided her estimates of them in 2019 and in 2020, but Brewer did not fund them as required by the contract. That is why the motion to withdraw was filed in September, because Plaintiff refused to pay for depositions and left counsel Yearwood's Firm owing the court reporters for them.

Counsel Yearwood filed a Notice of Attorney's Lien in this case, to make it clear what the liens were so that Plaintiff Brewer could pay the retaining lien and get her deposition transcripts and the rest of her file from counsel Yearwood and so that Plaintiff Brewer's new counsel (and defense counsel) would know what was the equitable lien which would need to be resolved at settlement.

Turning now to the specific allegations in Plaintiff Brewer's Motion to Reconsider:

3. It is true that Plaintiff Brewer had a positive balance on her invoices until the Oct. 2, 2020, invoice, even though all the court reporter invoices had been sent to Plaintiff Brewer at her request. Counsel Yearwood did not post to Plaintiff's bill the unpaid invoices from the court reporters sent to Plaintiff, until it was clear that Plaintiff had no intention of paying them in September, 2020. Then counsel Yearwood posted them all

3

and emptied the client funds account from Plaintiff, leaving an unpaid balance of costs and expenses of $5491.95, the amount of the retaining lien on Plaintiff's deposition transcripts.

5. It is true that Defendants' settlement offer, the first one in this case from Defendants, arrived via email on September 29, 2020, almost simultaneously with counsel Yearwood's spindling for hearing the Motion to Withdraw, and counsel Yearwood replied to it immediately, before the court's efiling system notified counsel Yearwood that the Motion was actually filed and spindled for hearing, blind copying Plaintiff Brewer. However, it is true that the Motion to Withdraw was efiled a few moments earlier in the day Sept. 29, 2020, before the settlement offer was received and conveyed to Plaintiff.

7. A. Plaintiff certainly WAS "delinquent," in that she had been sent copies of the court reporters' invoices, had been asked repeatedly to advance funds for the depositions, and had not. Although she was "within the permissible 30-day pay schedule" for payment as invoiced, she was not complying with the contract requirement to reimburse costs and expenses as incurred.

B. Plaintiff did not fund the depositions in advance. At all times she knew we needed many depositions (and in fact she asked for more depositions to be taken than in the end we took), and she sent only $2500 in March and $2000 in August, which would at best have paid for only five depositions.

C. It is absolutely true that Plaintiff did not fund the depositions as required

by her contract and that there were insufficient funds to pay the court reporters. Those allegations were not a "falsehood" when they were written on March 5, 2020, and they were not a falsehood in September, 2020.

D. It is true that Plaintiff never said that counsel Yearwood should fund the depositions. However, her failure to send funds when demanded made it clear she had no intention of funding them as incurred. She also made statements that she was not going to pay for the portions of depositions where counsel for Defendants asked questions of the deponents, because she felt those questions did not benefit her and she felt counsel Yearwood should have stopped them somehow. It was clear that she had no intention of fully paying what she owed for the depositions, ever.

E. Counsel Yearwood was absolutely correct that if counsel Yearwood had just canceled the depositions, that would have left Plaintiff Brewer unable to defend summary judgment. Counsel Yearwood completed the depositions as required by the Court's order September 1, 2020, discovery close. It is unfortunate that Plaintiff's failure to fund the depositions has left Plaintiff in a more difficult position. However, her difficult position is her own fault.

It is surprising that Plaintiff Brewer says she never received notification to seek other counsel, when she and counsel Yearwood had more than one discussion about her disappointment that not all the facts were corroborated in the depositions. More than once counsel Yearwood suggested to Plaintiff Brewer that if she didn't like counsel

Yearwood's deposition-taking or other strategy in this case, counsel Yearwood would have no objection if she sought other counsel. As of Oct. 21, 2020, no other counsel for Plaintiff Brewer had contacted counsel Yearwood.

11. At no time has counsel Yearwood "misled the court," and it is simply not true that counsel Yearwood "does not have a valid basis to ... withdraw." It is Plaintiff Brewer's own fault that she was not able to keep counsel Yearwood. Her file is ready at counsel Yearwood's office to pass on to her or to another attorney, as soon as the retaining lien is paid.

                                      Respectfully submitted, .

                                      _/s/ Ellen A. Yearwood_
                                      Ellen A. Yearwood
                                      Former Counsel for Plaintiff Brewer

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that she served the foregoing Clarification on the following via the court's efiling system, via email, and via US mail on Oct. 21, 2020, at Des Plaines, Illinois.

Mr. Gregory H. Andrews
Counsel for Defendants
150 N Michigan Ave Suite 2500
Chicago IL 60611
Gregory.Andrews@jacksonlewis.com

Ms. Lisa L. Brewer
1900 Albany Court
Elk Grove Village IL 60007
lisalorene2000@yahoo.com

_____
Ellen A. Yearwood

Yearwood and Associates, Ltd
636 South River Road, Suite 104
Des Plaines, IL 60016-4624
847/824-0358 ph, 847/824-6771 fax
yearwood_assoc@yahoo.com
IL 6194246

## deposition invoices

From: E Yearwood (yearwood_assoc@yahoo.com)
To: lisalorene2000@yahoo.com
Date: Thursday, September 3, 2020, 05:02 PM CDT

Hi, Lisa. See attached invoices from Tucker, Arnold (2), and Mull depositions. There are two for Arnold because the time was billed separately from the transcript. We haven't gotten the invoices for volumes II and III of Hiromura yet. We have already paid for volume I of Hiromura and for Cummings and Hickerson.

The invoices total $2548.75 and I have $1451.40 in trust of your funds with which to pay them. Please send or transfer using my website $1097.35 at your earliest convenience, so we can get the transcripts. Thanks.

Ellen A. Yearwood
Yearwood and Associates, Ltd
636 S River Rd, Suite 104
Des Plaines IL 60016
847/824-0358, 847-824-6716
847/824-6771 fax
yearwood_assoc@yahoo.com


Brewer.depo.invoices.unpaid.pdf
324.4kB



A

## Re: deposition invoices

From: E Yearwood (yearwood_assoc@yahoo.com)

To: lisalorene2000@yahoo.com

Date: Monday, September 21, 2020, 11:32 AM CDT

Hi, Lisa. Attached are copies of the unpaid invoices for depositions and transcripts and a scribbled spreadsheet showing what we have paid and what we have not.

In summary, you have paid for service on the non-defendant witnesses Mull, Cummings, and Arnold. You have also paid for the Cummings transcript, the Hickerson transcript, and day 1 of the Hiromura transcript.

You have NOT paid for the Mull transcript, the Arnold transcript (2 invoices, one for time only and the other for the transcripts), days 2 and 3 of the Hiromura transcripts, all three days of your own deposition transcripts, and the Tucker transcript. We know what the amounts are for all but the second two days of Hiromura, and they total $5297.50.

I am still holding $1338.15 of your funds in my trust account. Please immediately send the difference, $3959.35, so that we can get the transcripts that are ready. Please prepare to send approximately $2000 more for the remaining two days of the Hiromura deposition, once I have the invoices. Of course I will send the invoices to you when received, and I hope my estimate of $2000 is overstated.

Ellen A. Yearwood
Yearwood and Associates, Ltd
636 S River Rd, Suite 104
Des Plaines IL 60016
847/824-0358, 847-824-6716
847/824-6771 fax
yearwood_assoc@yahoo.com

On Monday, September 14, 2020, 09:24:14 PM CDT, Lisa <lisalorene2000@yahoo.com> wrote:

Hi Ellen,

In light of discrepancies and questions raised today on our Zoom conference call, I need a specific accounting of what has been paid to date for all deposition related expenses. I trust this would not be too difficult for you to put together?

It is not clear from the attachment below what has been paid, what has not been paid and what might still be pending. Specifically the attached shows 3 invoices from Debra Haas. One is dated 8/25/2020 while 2 others are dated 9/3/2020, yet all 3 state they are for deposition services taken on August 19, 2020. Clearly this cannot be correct. Furthermore without an official transcript that gives record of the actual time, how do I know the hours she is reporting is correct? Our depositions where scheduled from 1 to 5 pm for a total of 4 hours. Why is the attendance time not included on the invoice since she is showing all exceeding the 4 hour allotment?

I do recall asking for the "negotiated hourly rate" for her services some months ago due to the cancelled deposition of Jeffrey Hiromura in March (your laptop camera failed) but never received a reply. This would make clear even now what Jeff's partial deposition of 38 minutes on 8/31/20 should be. Please recall I also made clear to you on that day, I will not be paying for Greg Andrews majority use of that deposition time since he used it to benefit his client and you refused to use the time allocated to address questions I prepared at your behest..

It is important to reconcile these matter so I have a clear understanding and proper allocation of funds already credited. Our agreement called for me to know costs upfront before incurring them so that I can keep an accurate and current ledger, which I do not have.

B

# Re: Case Status: Summary Position

From: E Yearwood (yearwood_assoc@yahoo.com)

To: lisalorene2000@yahoo.com

Date: Tuesday, September 29, 2020, 09:34 AM CDT

Hi, Lisa. The task of a "position and strategy" document is the task of a response to the motion for summary judgment. It can also be a task for a settlement conference, but there is currently no settlement conference scheduled.



Since you have not remitted payment for thousands of dollars of transcripts and I therefore am not able to get them to use in any responses, it is clear that I will not be able to do the job you hired me to do. Therefore, I will be filing my motion to withdraw from representing you, and you will need to be your own attorney or hire another attorney to handle the rest of the case. I will file an attorney's lien on your settlement for the amounts due to my Firm for ordered transcripts unpaid for and for the time I have spent on your case.

If you wish to pay for your transcripts and keep me on your case, you must do it NOW.

Ellen A. Yearwood
Yearwood and Associates, Ltd
636 S River Rd, Suite 104
Des Plaines IL 60016
847/824-0358, 847-824-6716
847/824-6771 fax
yearwood_assoc@yahoo.com


On Monday, September 28, 2020, 08:29:33 PM CDT, Lisa <lisalorene2000@yahoo.com> wrote:


Hi Ellen

The month is drawing to an end. Much time has passed with no activity since depositions ended in August. Surely this has allowed you opportunity to reflect and formulate an appropriate argument to best assert rights in this case. Enclosed in this short excerpt, a reverse discrimination case gives example of success in moving forward using the very same principles that is the basis of my case:

C