**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| LISA BREWER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PC CONNECTION, INC., d/b/a ) <br> Connections, a corp., GARRY ) <br> HICKERSON, JEFF HIROMURA, ED ) <br> TUCKER, CRAIG LANCE AND RICK ) <br> GILLIGAN, ) <br> ) <br> Defendants. ) | CASE NO. 1:19-cv-04317 <br> Judge Steve C. Seeger <br> Magistrate Judge Jeffrey Cole |

**JOINT MOTION FOR COURT
APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT**

NOW COMES Defendants, PC Connection, Inc. d/b/a Connection, a corporation; Garry Hickerson, individually; Jeff Hiromura, individually; Ed Tucker, individually; Craig Lance, individually; and Rick Gilligan, individually (hereinafter referred to as "Defendants") and Plaintiff Lisa Brewer (hereinafter referred to as "Plaintiff") (collectively "the Parties"), by and through their respective attorneys, and jointly move for the Court to approve the settlement entered between the Parties. In support of the motion, the Parties state as follows:

1. Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act ("FLSA"), Section 1981 of the Civil Rights Act of 1866, Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, and the Illinois Human Rights Act, rising out of her former employment with Connection.

2. Following negotiations between counsel for Defendants and counsel for Plaintiffs, the Parties have reached a mutually satisfactory settlement.

3. When an employee asserts a claim against his employer or former employer for wages under the FLSA, any settlement of that claim requires a court to review the settlement for fairness. *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986) (FLSA).

4. Attached hereto as Exhibit A is the Settlement Agreement and General Release entered into between Defendants and Plaintiffs.

5. The Parties request the Court approve the Settlement Agreement because it is a fair and reasonable resolution of bona fide disputes over wages under the FLSA.

6. Upon approval of the Settlement Agreement, the Parties further request the dismissal of this suit, without prejudice, that will become with prejudice 21 days thereafter and after the required payments have been made, with each party to bear its or his or her own costs and attorneys' fees, except as otherwise agreed.

WHEREFORE, for the foregoing reasons, Plaintiffs and Defendants respectfully request that this Court enter an Order approving the Settlement Agreement as a fair and reasonable resolution of bona fide disputes under the FLSA and dismiss this suit as set forth above and with each party to bear their own costs and attorneys' fees, except as otherwise agreed.

By: /s/ Andrew J. Fuchs           By: /s/ Gregory H. Andrews
    One of Plaintiffs' Attorneys          One of Defendants' Attorneys

Andrew J. Fuchs                       Gregory H. Andrews
Andrew.Fuchs@probonolaw.com           Gregory.Andrews@jacksonlewis.com
Skadden Arps                          Jackson Lewis P.C.
155 North Wacker Drive                150 N. Michigan Avenue, Suite 2500
Chicago, Illinois 60606               312-803-2504
(312) 407-0700                        Chicago, IL 60601

**CERTIFICATE OF SERVICE**

I, Gregory H. Andrews, an attorney, certify that on July 16, 2021 a true and correct copy of the foregoing ***JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AND DISMISSAL OF COMPLAINT*** was filed with the Clerk of the United States District Court for the Northern District of Illinois using the Court's CM/ECF system, and that same will therefore be electronically served upon all attorneys of record registered with the Court's CM/ECF system as well as Lisa Brewer, the Plaintiff.

/s/ *Gregory H. Andrews*

# EXHIBIT A

**CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

PC Connection, Inc. d/b/a Connection, Garry Hickerson, Jeff Hiromura, Ed Tucker, Craig Lance and Rick Gilligan, (collectively, "Defendants") and Lisa Brewer and her respective heirs, executors, administrators, successors, and assigns (collectively, "Plaintiff") (together with Defendants, the "Parties"), enter into the following Settlement Agreement and General Release ("Agreement"):

WHEREAS, the Plaintiff is party to a lawsuit against Defendants, captioned *Lisa Brewer v. PC Connection, Inc. , d/b/a Connection, a corporation, Garry Hickerson, Jeff Hiromura, Ed Tucker, Craig Lance and Rick Gilligan*, Case No. 19-cv-04317 which is currently pending in the United States District Court for the Northern District of Illinois ("Lawsuit"), in which Plaintiff has alleged violations of Section 1981 of the Civil Rights Act of 1866; Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act; the Illinois Human Rights Act; and, the Fair Labor Standards Act;

WHEREAS, Defendants deny the material allegations raised in the Lawsuit and deny that they have violated Section 1981 of the Civil Rights Act of 1866, Title VII of the civil Rights Act of 1964, the Age Discrimination in Employment Act; the Illinois Human Rights Act or the Fair Labor Standards Act with respect to the Plaintiff;

WHEREAS, the Parties to this Agreement desire to fully and finally resolve all claims between them, including all claims which have been asserted or could be asserted in the Lawsuit or which could be asserted in a separate lawsuit in the Circuit Court of Cook County;

NOW THEREFORE, in consideration of the mutual promises and covenants contained herein, and for other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

**1.** **Consideration.** In consideration for this Agreement and complying with its terms, Connection agrees to pay Plaintiff the total amount of Eighty Thousand Dollars and Zero Cents ($80,000.00) to be distributed as follows:

(a) Plaintiff will receive a check for $28,508.05, representing lost wages, less normal and ordinary payroll deductions required by law (of 22% for federal tax withholding; 4.95% for Illinois state withholding; 1.45% for Medicare; and 6.20% for Social Security), to be reported on an IRS Form W-2; and,

(b) Plaintiff will receive a second check for $40,000.00, which is intended as nontaxable compensation under Internal Revenue Code Section 104(a)(2), and which is intended as compensation to Plaintiff for alleged personal physical injury and physical sickness, including excoriation of her skin, and emotional distress stemming from such personal physical injury and physical sickness, that she suffered as a result of Defendants' alleged violations of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967; and,

(c) Plaintiff's former counsel, Ellen Yearwood, will receive a check for $11,491.95, which represents attorney's fees and costs owed by Plaintiff to

       Ellen Yearwood for her representation of Plaintiff in her claims for Defendants' alleged violations of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act of 1967; and,

  (d) Plaintiff's current counsel, Andrew Fuchs, will not receive a check as his work in this matter is *pro bono* pursuant to his appointment by the Court for the limited purpose of representing Plaintiff in mediation.

The consideration set forth above shall be provided within fourteen (14) business days after the later of the following:

  (a) Plaintiff's counsel provides Defendants' counsel with a copy of this Agreement executed by the Plaintiff; and,

  (b) An order entered is entered by the United States District Court for the Northern District of Illinois (the "Court") in accordance with Paragraph 5 below.

In addition, Connection shall promptly send to Plaintiff proof of payment of the consideration listed in Section 1(c), in the form of a copy of the check issued to Plaintiff's former counsel Ellen Yearwood.

**2.** **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that she would not receive the monies and/or benefits specified in Paragraph 1 above pursuant to this Agreement, except for her execution of this Agreement and the fulfillment of the promises contained herein.

**3.** **General Release, Claims Not Released, and Related Provisions.**

  (a) **General Release of All Claims.** Plaintiff knowingly and voluntarily releases and forever discharges Defendants, their parent corporation(s), affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and their current and former employees, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and their employee benefit plans and programs and their administrators and fiduciaries (collectively referred to throughout the remainder of this Agreement as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Plaintiff has or may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Title VII of the Civil Rights Act of 1964;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Employee Retirement Income Security Act of 1974 ("ERISA") (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The Older Workers Benefit Protection Act ("OWBPA");
- The Age Discrimination in Employment Act of 1967 ("ADEA");
- The Worker Adjustment and Retraining Notification Act;

Page **2** of **8**

- The Fair Credit Reporting Act;
- The Family and Medical Leave Act;
- The Fair Labor Standards Act;
- The Equal Pay Act;
- The Uniformed Services Employment and Reemployment Rights Act;
- The Illinois Human Rights Act;
- Any Illinois statutory law regarding retaliation/discrimination for filing a workers' compensation claim;
- The Illinois common law claim for retaliation for filing a workers' compensation claim;
- The Illinois Equal Pay Act;
- The Illinois Equal Wage Act;
- The Illinois Wage Payment and Collection Act;
- The Illinois Minimum Wage Law;
- The Illinois One Day Rest in Seven Act;
- The Illinois Eight Hour Day Act;
- The Illinois Family Military Leave Act;
- The Illinois Worker Adjustment and Retraining Notification Act;
- The Illinois Health and Safety Act;
- The Illinois Whistleblower Act;
- The Illinois School Visitation Rights Act;
- The Illinois AIDS Confidentiality Act;
- Illinois Right to Privacy in the Workplace Act;
- The Illinois Genetic Information Privacy Act;
- The Illinois Personnel Record Review Act;
- The Illinois Victims' Economic Safety and Security Act;
- Smoke Free Illinois Act;
- Cook County Human Rights Ordinance;
- Chicago Minimum Wage Ordinance;
- All of the above laws as may have been amended;
- Any other federal, state or local law, rule, regulation or ordinance;
- Any public policy, contract, tort, or common law; or
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

(b) **Claims Not Released by Plaintiff.** Plaintiff is not waiving any rights she may have to: (a) her own vested accrued employee benefits under Connection's health, welfare, or retirement benefit plans as of the date her employment ended; (b) benefits and/or the right to seek benefits under applicable workers' compensation and/or unemployment compensation statutes; (c) pursue claims which by law cannot be waived by signing this Agreement; (d) enforce this Agreement; and/or (e) challenge the validity of this Agreement.

(c) **Governmental Agencies.** Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency (e.g., EEOC, NLRB, SEC, etc.), nor does anything in this Agreement preclude, prohibit, or otherwise limit, in any way, Plaintiff's rights and abilities to contact, communicate with, report matters to, or otherwise participate in any whistleblower program administered by any such agencies. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

(d) **Collective/Class Action Waiver.** If any claim is not subject to release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Connection or any other Releasee identified in the Agreement is a party.

4. **Acknowledgments and Affirmations.** Plaintiff affirms that she has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against any of the Releasees other than the Complaint, Case No. 19-cv-04317.

Plaintiff acknowledges that she is solely responsible for any liens made in connection with any services performed on Plaintiff's behalf by any attorney, consultant, health care providers or other third parties.

Plaintiff further acknowledges and agrees that she will indemnify Releasees for any and all costs she incurs as a result of any claims made by attorneys, consultants, health care providers or other third parties to recover monies from the amounts payable to Plaintiff under this Agreement.

5. **Submission to the Court for Purposes of Approval of Settlement.** The Parties intend for Plaintiff to waive any and all claims she may have against Releasees from the beginning of time up to and including the date on which Plaintiff signs this Agreement, including claims under Title VII of the Civil Rights Act, and the IWPCA, and therefore desires that this Agreement be approved by the Court. Accordingly, the Parties agree to the following:

(a) Following execution of this Agreement, Plaintiff will cause her attorney to file a Joint Motion for Approval of Settlement and Dismissal of Claims ("Joint Motion"), with the cooperation of counsel for Defendants; and

(b) In the event that the Court declines to approve the Agreement for a reason other than on its merits, including but not limited to because it does not have the jurisdiction to do so or it is unnecessary to do so, and the Court does not request that the Agreement be revised in any aspect, this Agreement will be final and no further action by the parties is necessary for it to take effect; and

(c) In the event the Agreement is reviewed and thereafter rejected by the Court as inadequate on its merits, this Agreement shall be null and void and no payments

      shall be made pursuant to the Agreement. The Parties, however, agree to use their best efforts to reach agreement on the terms of a settlement that addresses any concerns raised by the Court in rejecting this Agreement.

  **6.**  **Governing Law and Interpretation.** This Agreement shall be governed in accordance with the laws of the State of Illinois without regard to its conflict of laws provisions. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. The prevailing party shall be entitled to recover reasonable attorney's fees and costs. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

  **7.**  **No Re-employment.** Plaintiff acknowledges and agrees that her employment with Connection and all Releasees is irrevocably and permanently severed and agrees that she will not in the future seek employment or re-employment with Connection or any other Releasee. Plaintiff acknowledges and recognizes that such entities have no obligation, contractual or otherwise, to rehire, re-employ or hire her in the future. The Parties agree that nothing in this provision shall be cited or deemed evidence of retaliation should the Plaintiff apply for employment with any of these individuals or entities. Plaintiff agrees that should she apply for employment with any of these individuals or entities, Plaintiff may be denied such employment without Connection or any other Releasee incurring any liability for retaliation. Connection agrees that Plaintiff shall not be deemed in breach of this Agreement for applying with employment with Connection or a Releasee unless Plaintiff continues to apply for such employment after being informed of her ineligibility for hire or re-hire.

  **8.**  **Neutral Reference.** Connection agrees that, upon inquiry from any party, entity or prospective employer of the Plaintiff, Connection's Human Resources Director will provide only a neutral written letter of reference, which may include the position the Plaintiff held, the dates and location of employment, and the salary or compensation received. Neutral reference inquiries will only be responded to by Connection when directed to its Human Resources Director.

  **9.**  **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Connection of wrongdoing or evidence of any liability or unlawful conduct of any kind.

  **13.**  **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

  **14.**  **Fair Meaning.** The language of all parts of this Agreement shall in all cases be construed as a whole according to fair meaning, and not strictly for or against any of the Parties, regardless of who drafted it.

15. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, except for any written intellectual property, restrictive covenant or confidentiality agreements between Connection and Plaintiff, which shall remain in full force and effect. If any such agreements are in conflict with this Agreement, they shall be construed to provide the maximum protection for Connection. Plaintiff acknowledges that she has not relied on any representations, promises, or agreements of any kind made to her in connection with her decision to accept this Agreement, except for those set forth in this Agreement.

16. **Assignment of Claims.** Plaintiff hereby represents and warrants that she has not assigned or transferred or purported to assign or transfer to anyone any claim, action or cause of action based upon, arising out of, or connected in any way with any of the matters released herein.

17. **Signatures.** This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

**PLAINTIFF IS ADVISED THAT PLAINTIFF HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF ALSO IS ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

**PLAINTIFF HAS THE RIGHT TO REVOKE THIS AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY ON WHICH PLAINTIFF SIGNS THIS AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO GREGORY ANDREWS AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR AGREEMENT." THE REVOCATION MUST BE PERSONALLY DELIVERED TO GREGORY H. ANDREWS, JACKSON LEWIS, P.C., 150 NORTH MICHIGAN AVE., STE. 2500, CHICAGO, IL 60607 OR HIS DESIGNEE, OR MAILED AND E-MAILED TO GREGORY ANDREWS AT GREGORY.ANDREWS@JACKSONLEWIS.COM AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER THE PLAINTIFF SIGNS THIS AGREEMENT.**

**IF THE PLAINTIFF REVOKES THIS AGREEMENT, THIS AGREEMENT SHALL BE NULL AND VOID WITH RESPECT TO PLAINTIFF AND NO PAYMENTS SHALL BE MADE TO ANY PLAINTIFF PURSUANT TO THE AGREEMENT.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAVE OR MIGHT HAVE AGAINST RELEASEES.**

The parties knowingly and voluntarily sign this Agreement and General Release as of the date(s) set forth below:

LISA BREWER                                             CONNECTION

_____                    _____

_____                    _____
Date                                                    Date

JEFF HIROMURA

_____

_____
DATE

GARRY HICKERSON

_____

_____
DATE

CRAIG LANCE

_____

_____
DATE

ED TUCKER

_____

_____
DATE

RICK GILLIGAN

_____

_____
DATE